Certificate of Service

As stated in the notice of appeal former attorney for the plaintiffs Phillip Berg was suspended from practice of law for two years, however he never filed a motion to withdraw as an attorney for the plaintiffs/ appellees and he never signed a substitution of attorney. There is no signed substitution by any of the plaintiffs in the docket of the case. See attached letters by Attorneys Taitz, Randy Berg and Stephen Marcus. Service cannot be effectuated until there is a signed substitution of attorney or submission by all the appellees of their addresses as pro se appellees.

/s/ Orly Taitz ESQ


Dr. Orly Taitz ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, CA 92688

Ph. 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 fax 949-766-7603

Counsel for DOFF, Orly Taitz, inc and Law Offices of Orly Taitz

07.24.2013

**REQUEST FOR A LEAVE OF COURT TO FILE A MOTION FOR RECONSIDERATION OF THE DENIAL OF THE ANTISLAPP DUE TO NEW EVIDENCE, A JULY 22 LETTER BY ATTORNEYS RANDY BERG AND STEPHEN MARCUS, MAKING AN ADMISSION AGAINST INTEREST THAT PHILIP BERG NEVER SIGNED A SUBSTITUTION OF ATTORNEY, THEREFORE ATTORNEYS BERG AND MARCUS NEVER REPRESENTED ANYONE IN THE CASE AND ALL OF THEIR FILLINGS, INCLUDING AN OPPOSITION TO ANTISLAPP, ARE NULL AND VOID. DEFENDANTS WILL BE SUBSEQUENTLY SEEKING A DISMISSAL OF THE APPEAL AS MOOT.**

Hon. Judge Guilford,

There is a good cause for a temporary lift of stay in order to settle the issues which are essential to representation in both the District court and the Court of Appeals, as well as the central issue of the AntiSLAPP. Attorney Stephen Marcus submitted an opposition to AntiSLAPP, which was not only untimely, but signed by Stephen Marcus, who never represented anyone in the case.

On 07.22.2013 Attorneys Randy Berg and Stephen Marcus submitted a letter to this court seeking to withdraw as attorneys for Philip Berg and law offices of Philip Berg as plaintiffs due to the fact that Philip Berg, who was an attorney for all the plaintiffs, never signed the substitution of attorney and is not responding. By playing a game and seeking to withdraw, Randy Berg and Marcus tried to further defraud this court and create an impression that there was a substitution for plaintiffs Liberi, Ostella and Go Excell Global. In reality, due to the fact that Attorney Philip Berg never signed the substitution as an attorney for all the plaintiffs, there was never any substitution for any plaintiffs. LR83-2.3.3 INDIVIDUALS. **WHEN AN ATTORNEY OF RECORD FOR ANY REASON CEASES TO ACT FOR A PARTY,**

**SUCH PARTY MUST APPEAR PRO SE OR APPOINT AN ATTORNEY BY WRITTEN SUBSTITUTION OF ATTORNEY SIGNED BY THE PARTY AND THE ATTORNEYS.**

Attorney Randy Berg and Stephen Marcus had to admit that there is no substitution instead of filing a bogus motion to withdraw. This issue spills over to the Court of Appeals as well and has to be resolved.

In regards to Attorney Marcus there is only a back dated notice of appearance, which was filed on 06.19.2013 and 06.20.2013, back dated for 05.31.2013, **but there is no substitution at all.**

In regards to Attorney Randy Berg there is only a substitution by Randy Berg of Attorney Gary Kreep as a sponsoring attorney for pro hac vice of Philip Berg Document 598 02.07.2013. It was signed only by one client, Philip Berg, as an attorney for all plaintiffs, and it is invalid as Berg was suspended from the practice of law on 06.19.2013. This substitution was never signed by clients Lisa Liberi, Lisa Ostella and GoExcell Global. So Attorneys Randy Berg and Stephen Marcus continue their misrepresentation and fraud on the court claiming that they are representing plaintiffs. Furthermore, since Philip Berg never filed a motion to withdraw as an attorney for the Plaintiffs, Marcus and Randy Berg are aiding and abetting an unlicensed practice of law. Due to this new admission against interest an opposition to antiSLAPP filed on 05.31.2013 by Stephen Marcus is null and void.

DOFF was denied a leave to even file an antiSLAPP due to the fact that it was denied previously based on opposition submitted by Attorney Stephen Marcus, who claimed to be an attorney for all the Plaintiffs. As Marcus admitted on 07.22.2013 that prior Attorney Philip Berg never signed a substitution of Attorney, Marcus had no right to file anything in this case and his opposition has to be stricken from the record and AntiSLAPP granted. Upon granting of the AntiSLAPP, recently filed appeal will be withdrawn as moot.

Additionally, California Attorneys Marcus and Randy Berg should be sanctioned for continuous flagrant fraud on the court, violations of LR83-2.3.3, 7-19, L.R. 7-19.1 and L.R. 7-19.2 and aiding and abetting unlicensed practice of law Business and Professions Code section 6125 codifies the requirement: "No person shall practice law in California unless the person is an active member of the State Bar." (§6125.) Former attorney for the plaintiffs, Philip Berg should be sanctioned for the fraud on the court, refusing to file a motion to withdraw and filing pleading after suspension of his law license and staying on the case as an attorney for the plaintiffs after the suspension and violation of the Business and Professional Code §6125.
Respectfully,

/s/ Orly Taitz, Counsel for DOFF, OrlyTaitz, inc, Law Offices of Orly Taitz

Cc California Bar, Pennsylvania Bar, all the parties in the case

# GITTLER & BRADFORD
ATTORNEYS AT LAW
10537 SANTA MONICA BOULEVARD, THIRD FLOOR
LOS ANGELES, CALIFORNIA 90025
TELEPHONE (310) 474-4007
FAX (310) 474-4407

July 22, 2013

<u>Via e-mail and U.S. Mail</u>
AG_Chambers@cacd.uscourts.gov

Hon. Andrew J. Guilford
United States District Court, Central District of California
411 W. Fourth Street, Room 10-160
Santa Ana, CA 92701-4516

      Re:    <u>Liberi, et. al. v. Taitz, et. al. (Case No. 11-CV -00485 AG (AJWx))</u>

Dear Judge Guilford:

      Pursuant to your Order of June 14, 2011, Stephen H. Marcus, Esq. and Randy A. Berg, Esq., members of the law firm of Gittler & Bradford, request leave of court to file a motion to be relieved as counsel for Plaintiffs Philip J. Berg and the Law Offices of Philip J. Berg.

      This motion is necessitated by: (a) the failure of Philip J. Berg and the law firm of Gittler & Bradford to reach agreement on the terms for the members of Gittler & Bradford to assume the role of lead counsel for Philip J. Berg, (b) the general lack of communication between Philip J. Berg and the members thereof (principally Randy A. Berg and myself), and (c) the refusal of Philip J. Berg to sign the Substitution of Attorney form, this Court's Form G-01.

      Very truly yours,

      GITTLER & BRADFORD

      STEPHEN H. MARCUS

SHM:sh

cc:    (via e-mail)
      Philip J. Berg
      Counsel for all defendants