Dr. Orly Taitz ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, Ca 92688

ph. 949-683-5411 fax 949-766-7603

orly.taitz@gmail.com

## IN THE NINTH CIRCUIT COURT OF APPEALS

## DEFEND OUR FREEDOMS FOUNDATION

## APPELLANT

## V

## LISA LIBERI, LISA OSTELLA, GOEXCELGLOBAL, PHILIP BERG, LAW OFFICES OF PHILIP BERG

### REPLY TO OPPOSITION TO MOTION REGARDING REPRESENTATION OF THE APELLEES

**1. Opposition to motion is without merit, as Philip Berg cannot represent "Law offices of Philip Berg" after suspension of his license and he cannot maintain a legal action from a separate entity that does not exist**

Until now plaintiffs/Appellees proceeded in this case with complaints from two separate plaintiffs: Philip Berg and Law offices of Philip Berg. Such filing meant that "Law offices of Philip Berg" is a separate legal entity, such as corporation or

LLC. On 06.19.2013 law license of Philip Berg was suspended for two years. After his license was suspended, Philip Berg continued filing on behalf of all the plaintiffs. On June 26 Judge Guilford issued an order that he is concerned about Berg filing pleadings after his license is suspended and that he can file only on his behalf. Berg, in spite of the order, continued filing on behalf of "Law offices of Philip Berg".

Appellants filed a motion at hand advising the court that due to suspension of Berg's law license, he cannot represent anyone, but himself, and he needs to hire a licensed attorney to represent Law offices of Philip Berg or the appeal will be uncontested by the entity "Law offices of Philip Berg".

After the motion was filed, through their opposition Plaintiffs/Appellants admitted that "Law offices of Philip Berg" does not exist as a separate legal entity and stated that it is a fictitious business name of Philip Berg.

Under California law, a fictitious business name is not a separate business entity with standing to sue or defend. "Use of a fictitious business name does not create a separate legal entity." Pinkerton's, Inc. v. Superior Court (1996) 49 Cal.App. 4th 1342, 1348. Therefore, "[a] civil action can be maintained only against a legal person…[and]…a nonentity is incapable of being sued. Where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio and

its invalidity can be called to the attention of the court at any state of the proceeding." <u>Oliver v. Swiss Club Tell</u> (1963) 222 Cal. App. 2d 528, 537. "Accordingly, it is a corollary to this rule that the objection that a plaintiff or defendant is nonexistent is not subject to waiver, as in the case of misnomer or lack of legal capacity, because the defect is jurisdictional." <u>Id</u>. at 538.

California law is substantive in nature, meaning that where the District Court is allegedly sitting in diversity, under the Erie Doctrine the Court is to apply this California law to determine whether the Berg Law Offices has legal standing. This California law, as applied to the Berg Law Offices, would mean that Berg Offices has no legal standing and cannot be a plaintiff in the District Court or an Appellee in the Court of Appeals. As such this court has to rule in favor of the Appellants finding that all claims brought in this case on behalf of "Law Offices of Philip Berg" have to be dismisses, as there is no such legal entity, "Law offices of Philip Berg" do not exist as a separate legal entity. Appellants could not bring this issue in the lower court, as only now, in their opposition, plaintiffs admitted that "Law offices of Philip Berg" does not exist as a separate legal entity.

Further attorneys for Appellees should be sanctioned for maintaining a legal action from a non-existent entity. Philip Berg defrauded the court by filing the case on behalf of a non-existent entity, and only when cornered in this action, he admitted

that "Law Offices of Philip Berg" do not exist as a legal entity. Attorneys Randi Berg and Stephen Marcus had a duty to do minimal due diligence. They did not do so. Not only "Law Offices of Philip Berg" does not exist, they continue suing "Law offices of Orly Taitz", which does not exist as a separate legal entity, and there is no evidence of GoExcelGlobal existing as a separate entity.

## 2. PLAINTIFF'S/ APPELLEES' ATTORNEYS ARE SHOWING A MODUS OPERANDI OF BRINGING LEGAL ACTIONS FROM ENTITIES THAT DO NOT EXIST AND AGAINST ENTITIES THAT DO NOT EXIST.

Aside from bringing a legal action from a non-existing entity, "Law Offices of Philip Berg", Attorneys Berg, Berg and Marcus are proceeding with other non-existent entities. Attorneys Taitz and Cunningham repeatedly advised Philip Berg that "Law Offices of Orly Taitz" does not exist as a separate legal entity. Berg refused to dismiss against a non-existent entity. Further, there is no evidence of GoExcelGlobal existing as a separate entity as well.

In the interest of judicial economy and to narrow the case, this court should rule in favor of Appellants and dismiss the complaint from non-existent plaintiffs and against non-existent defendants.

**3. APPELLEES ADMITTED THAT APPELLANT IS CORRECT IN THAT THERE IS NO SUBSTITUTION OF ATTORNEY SIGNED BY PARTIES OSTELLA, LIBERI AND GOEXCELGLOBAL.**

**This case came from the Central District, where the local rules are as follows:** LR 83-2.3.2. MOTION FOR WITHDRAWAL. An attorney may not withdraw as a counsel except by leave of court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. LR83-2.3.3 INDIVIDUALS. **WHEN AN ATTORNEY OF RECORD FOR ANY REASON CEASES TO ACT FOR A PARTY, SUCH PARTY MUST APPEAR PRO SE OR APPOINT AN ATTORNEY BY WRITTEN SUBSTITUTION OF ATTORNEY SIGNED BY THE PARTY AND THE ATTORNEYS.**

In opposition to this motion Attorneys Stephen Marcus and Randi Berg (cousin of Philip Berg) de facto admitted that there is no substitution of attorney from Philip Berg as an attorney for plaintiffs to Stephen Marcus and from Philip Berg as an attorney for Plaintiffs to Randi Berg, as they only provided a backdated Notice of Appearance, but did not provide any signed substitution of attorney. Exhibit to the opposition includes a backdated notice of appearance by

one attorney Stephen Marcus, which he backdated for 05.31.2013 and filed on 06.19.2013 and again on 06.20.2013. None of the plaintiffs ever signed the substitution of Attorney. There is no evidence on the docket of this case in either District court or Court of Appeals that either Lisa Liberi or Lisa Ostella or GoExcelGlobal are even aware of the fact that Philip Berg was suspended from practice of law and that he was substituted by Randi Berg and Stephen Marcus or that Liberi, Ostella and GoExcelGlobal consented to such substitution or that they consented to filing of the appeal at hand.

While plaintiff Liberi is assisting Berg as his legal assistant or paralegal and might be aware of what is going on, Plaintiff Ostella is a lay person residing in New Jersey. Either the plaintiffs are not aware that attorney that filed this case on their behalf was suspended, or they are not willing to sign a backdated substitution of attorney, as it relates to lack of timely opposition in the antiSLAPP, which is the main issue on this appeal. Opposition to antiSLAPP was due on 05.27.2013. It was not filed. A notice of lack of opposition was filed by the defendants with the court, and on 05.31.2013 a late opposition was filed by attorney Stephen Marcus, who filed it without any signed substitution or notice of appearance, which made attorneys for the Plaintiffs/Appellees Berg, Berg and Marcus possibly liable for legal malpractice towards Ostella and

Liberi, which might be the reason why Ostella and Liberi are not signing a substitution now and did not sign a backdated substitution.

Without proper substitution signed by the plaintiffs themselves, there is no jurisdiction of this court over the plaintiffs. As there is no signed substitution on file of either court, Attorneys Stephen Marcus and Randi Berg should file with this court a substitution of Attorney signed by the prior attorney Philip Berg, attorneys seeking to substitute: Randi Berg an Stephen Marcus and **Plaintiffs Lisa Liberi, Lisa Ostella and GoExcelGlobal**. Further, proceeding with the case without a signed substitution by the clients represent a violation of professional ethics, which is sanctionable by the state bar.

This issue is even more important in light of the history of lack of notification of clients, specifically the decision to suspend Philip Berg's license filed in the District court on 06.21.2013, Document 636, (Exhibit 1 herein) which relates to actions by Philip Berg, where for two years he was hiding from his client the fact that he did not respond to motion to dismiss and that her case was dismissed. The client, Diane McCracken filed a complaint with the Disciplinary board of the Supreme Court of Pennsylvania advising the court that she was defrauded by Berg for two years. Originally Berg accused the client of defrauding the court and claimed that he notified her of her case being

dismissed. Not only he made such statements, he, also, filed with the Disciplinary board a supporting sworn declaration from his paralegal Lisa Liberi (also a plaintiff herein) and attached two letters supposedly sent by Liberi to the client. Later he admitted that it was not true and the client was never notified about her case being dismissed. During the disciplinary trial an investigator for the board testified that they believed that the "recreated" letters from Liberi were fabricated. *id*

Additionally, appellants provided as an exhibit to the antiSLAPP(subject of the appeal at hand), a criminal court record of Plaintiff/Appellee and paralegal of Philip Berg, Lisa Liberi, which shows her being convicted in the Superior Court of California in 2008 of 10 felony counts of forgery of an official seal, attempt to file forged/altered instruments and grand theft.   San Bernardino Case Nos. FWV028000 and FSB044914

Knowing this history and modus operandi of plaintiffs herein and plaintiffs' former attorney Philip Berg, it is imperative for this court to seek from the Appellees a proper substitution of attorney signed by the resigning attorney Philip Berg, clients/plaintiffs Lisa Ostella, Lisa Liberi and GoexcelGlobal and new attorney.

4. Appellees claimed that DOFF has not complied with Circuit Rule 27-3(b)(4), which requires:"(4) if the relief sought in the motion was available in the district court Bankrupcy Appellate Panel or agency, the motion shall state whether all grounds advanced in support thereof in this Court were submitted to the district court, panel or agency, and if not, why the motion should not be remanded or denied."

In reality all of the above issues were provided to the District Court and were ignored by the District Court. Exhibit 1 shows the notice of suspension of Berg's license. In spite of that presiding Judge Hon. Andrew Guilford is refusing to correct/amend the docket and keeps the suspended attorney listed as the lead attorney for all the plaintiffs. Exhibit 2 shows the docket as of 08.12.2013 with suspended attorney Berg listed as the lead attorney.

Additionally Judge Guilford has issued an order in this case, whereby all counsel have to file a 2page petition for a leave of court to file any motion. By doing that Judge Guilford controls what public and the Court of Appeals can see. Orders on pending requests for a leave of court often misrepresent what the attorneys actually requested and often place the parties and attorneys in the wrong light. Attached herein are the requests for a leave of court filed by three licensed attorneys Jeff Cunningham, Orly

Taitz and Marc Colen (Exhibits 3,4, 5). All three noted that the rules of court LR83-2.3.3 require that when an attorney for plaintiffs is suspended, he has to file a motion to withdraw, proper substitution has to be signed by all plaintiffs and attorneys and filed with the court. Cunningham, Taitz and Colen advised judge Guilford that the rules of court were not followed, substitution was not signed, and as such the Plaintiffs are pro se plaintiffs and have to provide their contact information.  In his 07.12.2013 order attached by the Appellees to their opposition, Judge Guilford simply ignored all of the requests and all rules of court and misrepresented to the public and the court of Appeals reviewing the file, what the attorneys actually requested in their requests for the leave of court. This is similar to the main subject of the appeal, as similarly Judge Guilford ignored all points of law and fact and denied the antiSLAPP with one word "denied". As such Appellants complied with the rule Rule 27-3(b)(4), sought redress in the District court, their requests were denied and they are properly brought aforementioned issues in the Court of Appeals.

Conclusion

1. Based on Admission against interest by the Plaintiffs/Appellees the Court of Appeals should rule in favor of the Appellants/Plaintiffs and declare that "Law offices of Philip berg" does not exist as a legal entity and should dismiss the legal action brought on behalf of "Law offices of Philip Berg", as in their response Plaintiffs admitted that "Law offices of Philip Berg" are not a separate entity, but a fictitious business name of Philip Berg, who is listed as a separate plaintiff in this case. Further the court should dismiss the case brought by the Plaintiffs against the non-existent separate legal entity "Law Offices of Orly Taitz" and legal action brought by a non-existent legal entity GoExcelGlobal.

2. Philip Berg, who represented all the Plaintiffs as an attorney should be sanctioned for filing a legal action on behalf of an entity that does not exist and wasting judicial resources.

3. This court should declare that Attorneys Stephen Marcus and Randi Berg admitted that there is no substitution of attorney from Philip Berg as an attorney for plaintiffs to Stephen Marcus; and from Philip Berg as an attorney for Plaintiffs to Randi Berg, as they only provided a notice of appearance, but did not provide any signed substitution of attorney . the court should declare that Plaintiffs/clients did not sign the substitution of Attorney. There is no evidence on the docket of this case in either District

court or Court of Appeals that either Lisa Liberi or Lisa Ostella or GoExcelGlobal are even aware of the fact that Philip Berg was suspended from practice of law and that he was substituted by Randi Berg and Stephen Marcus. No evidence that Liberi, Ostella and GoExcelGlobal consented to such substitution or that they consented to filing of the appeal at hand. Without proper substitution signed by the plaintiffs themselves, there is no jurisdiction of this court over the plaintiffs. As there is no signed substitution on file of either court, this court should issue injunctive relief ordering Attorneys Stephen Marcus and Randi Berg to file with this court a substitution of Attorney signed by the prior attorney Philip Berg, attorneys seeking to substitute: Randi Berg an Stephen Marcus and **Plaintiffs/clients Lisa Liberi, Lisa Ostella and GoExcelGlobal**.

Respectfully submitted,

/s/ Orly Taitz

08.13.2013


Certificate of Service

I, Orly Taitz, attest that the following parties were served on 08.13.2013 with the attached Reply to Opposition:

Randy Alan Berg, Attorney
Gittler & Bradford

3rd Floor
10537 Santa Monica Blvd.
Los Angeles, CA 90025

Stephen Howard Marcus, Attorney
Gittler & Bradford
3rd Floor
10537 Santa Monica Blvd.
Los Angeles, CA 90025

PHILIP J. BERG, pro se Appellee
Philip Berg
555 Andorra Glen Court, ste 12
Lafaette Hill, PA 19444-2531

/s/ Orly Taitz