**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LISA LIBERI; PHILIP J. BERG, Esquire; THE LAW OFFICES OF PHILIP J. BERG; LISA M. OSTELLA; GO EXCEL GLOBAL, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> ORLY TAITZ, AKA Dr. Orly Taitz; SANKEY INVESTIGATIONS, INC.; NEIL SANKEY; LAW OFFICES OF ORLY TAITZ; ORLY TAITZ, INC.; REED ELSEVIER, INC.; TODD SANKEY; LEXISNEXIS GROUP, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP, INC.; LEXISNEXIS RISK SOLUTIONS, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS SEISINT, INC., a Division of Reed Elsevier, Inc., DBA Accurint; LEXISNEXIS CHOICEPOINT, INC., a Division of Reed Elsevier, Inc.; INTELIUS, INC.; ORACLE CORPORATION; DAYLIGHT CHEMICAL INFORMATION | No. 13-56250 <br><br> D.C. No. 8:11-cv-00485-AG-AJW <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

SYSTEMS, INC.; YOSEF TAITZ, Individually and as Owner/CEO of Daylight Chemical Information Systems, Inc.; THE SANKEY FIRM,

    Defendants,

 And

DEFEND OUR FREEDOMS FOUNDATIONS, INC.,

    Defendant - Appellant.

---

LISA LIBERI; PHILIP J. BERG, Esquire; THE LAW OFFICES OF PHILIP J. BERG; LISA M. OSTELLA; GO EXCEL GLOBAL,

    Plaintiffs - Appellees,

 v.

ORLY TAITZ, AKA Dr. Orly Taitz,

    Defendant - Appellant,

 And

DEFEND OUR FREEDOMS FOUNDATIONS, INC.; SANKEY INVESTIGATIONS, INC.; NEIL SANKEY; LAW OFFICES OF ORLY TAITZ; ORLY TAITZ, INC.; REED ELSEVIER, INC.; TODD SANKEY;

No. 13-56253

D.C. No. 8:11-cv-00485-AG-AJW

LEXISNEXIS GROUP, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS RISK AND INFORMATION ANALYTICS GROUP, INC.; LEXISNEXIS RISK SOLUTIONS, INC., a Division of Reed Elsevier, Inc.; LEXISNEXIS SEISINT, INC., a Division of Reed Elsevier, Inc., DBA Accurint; LEXISNEXIS CHOICEPOINT, INC., a Division of Reed Elsevier, Inc.; INTELIUS, INC.; ORACLE CORPORATION; DAYLIGHT CHEMICAL INFORMATION SYSTEMS, INC.; YOSEF TAITZ, Individually and as Owner/CEO of Daylight Chemical Information Systems, Inc.; THE SANKEY FIRM,

              Defendants.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 7, 2015
Pasadena, California

Before: PREGERSON, D.W. NELSON, and CALLAHAN, Circuit Judges.

(13-56250) Orly Taitz and Defend our Freedoms Foundations, Inc. (DOFF), et. al. appeal from the district court's denial of their request for leave to file a motion to strike Lisa Liberi and Lisa Ostella, et. al.'s first amended complaint

3

(FAC) under California's Strategic Lawsuits Against Public Participation statute (California anti-SLAPP), Cal. Code Civ. Proc. § 425.16. We dismiss appeal No. 13-56250 for lack of jurisdiction.

(13-56253) Taitz and DOFF et. al appeal from the district court's denial of their motion to strike Liberi and Ostella, et. al.'s FAC under California anti-SLAPP. We have jurisdiction pursuant to 28 U.S.C. § 1291. *Batzel v. Smith*, 333 F.3d 1018, 1024–26 (9th Cir. 2003). We affirm the district court's denial of Appellants' motion to strike the FAC as to all claims except claim 5 (violation of California Information Privacy Act § 1798.53), claim 10 (malicious prosecution), and claim 11 (abuse of process).

1.  The district court's denial of Appellants' request to file a motion to strike the FAC was not a final decision under 28 U.S.C. § 1291. The district court denied Appellants' request pending resolution of Appellants' earlier appeal of the denial of the motion to strike the original complaint under California anti-SLAPP. Once this Court ruled on that appeal, the district court granted Appellants' request to file a motion to strike the FAC. Appellants did so, and currently before us is the appeal of the denial of Appellants' motion to strike the FAC. The denial of Appellants' request to file a motion to strike the FAC, therefore, was not a final order. *See*

*Conway v. Slaughter,* 440 F.2d 1278 (9th Cir. 1971) (per curiam). We dismiss appeal No. 13-56250 for lack of jurisdiction.

2.  Under California anti-SLAPP, a defendant "must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).[1] If the defendant makes this showing, the burden then shifts to the plaintiff, who must "establish a reasonable probability that it will prevail on its claim." *Id.*[2]

Because Appellants' speech at issue concerns matters of public importance, the first prong of California anti-SLAPP is satisfied. *Makaeff*, 715 F.3d. at 262. We find that as to a majority of their claims, Appellees have "stated and substantiated . . . legally sufficient claim[s]" such that they are able to satisfy the second prong of anti-SLAPP and the claims can continue in their entirety.

---

[1] Appellees argue that California law should not apply. Because Appellees did not raise choice of law before the district court, this issue is waived. *Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996).

[2] We follow the line of California cases holding that if any part of a mixed cause of action satisfies the second prong of anti-SLAPP, the entire cause of action continues. *See Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1212 (Cal. Ct. App. 2011) *as modified on denial of reh'g* (July 26, 2011). Although the California Supreme Court granted certification of this issue for review, *Baral v. Schnitt*, 233 Cal. App. 4th 1423 (Cal. Ct. App. 2015), *cert. granted*, 347 P.3d 988 (Cal. 2015), neither party raised this issue on appeal and it is therefore waived.

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal App. 4th 658, 675 (Cal. Ct. App. 2005) (internal quotations and citations omitted).

Appellees, however, are unable to satisfy the second prong of anti-SLAPP as to their claims for violation of California Information Privacy Act § 1798.53, malicious prosecution, and abuse of process. Regarding Appellees' claim of a violation of California Information Privacy Act § 1798.53, Appellees have not made a prima facie showing that Appellants "intentionally disclose[d] information, not otherwise public, which they [knew] or should reasonably [have known] was obtained from personal information maintained by a state agency or from 'records' within a 'system of records' . . . maintained by a federal government agency." Cal. Civ. Code § 1798.53. The claim, therefore, fails. *See Jennifer M. v. Redwood Women's Health Ctr.*, 88 Cal. App. 4th 81, 91 (Cal. Ct. App. 2001).

Nor can Appellees make this showing for their claim of malicious prosecution. Appellees cite allegedly false filings with the court and the police as the basis for their malicious prosecution claim. Under California law, however, "[t]he tort of malicious prosecution requires the initiation of a full-blown action," and "subsidiary procedural actions within a lawsuit . . . will not support a claim of malicious prosecution." *Adams v. Superior Court*, 2 Cal. App. 4th 521, 528 (Cal. Ct. App. 1992). Similarly, Appellees' claim for abuse of process citing the same

6

allegedly false filings also fails to satisfy the second prong of anti-SLAPP. *See Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1037 (9th Cir. 2008).

We, therefore, affirm the district court's denial of Appellants' motion to strike the FAC under California anti-SLAPP as to all of Appellees' claims except violation of California Information Privacy Act § 1798.53, malicious prosecution, and abuse of process.

Appeal No. 13-56250 is **DISMISSED**. Appeal No. 13-56253 is **AFFIRMED** in part and **REVERSED** in part. All parties shall bear their own costs on appeal.